McFarland, J.,
delivered the opinion, of tbe court:
The only question in this case is, whether the defendant, Mullins, is liable for the full amount of note, of which the following is a copy: “Three years after date-, with interest from date, I promise to pay James J. Hughs, administrator of the estate of Henry Anderson, deceased, six hundred and eighteen dollars and thirty cents, in bank notes, which shall be at par.’’ Dated 18th of September, 1862.
Mullins insists that this -note should be reduced or scaled to the value of current bank notes. It is conceded that ordinarily, this contract would be for bank notes at par, or equal value with lawful money. It certainly excludes the idea that the bank notes should be depreciated or below par value. There is nothing in the record upon which we can relieve the defendant from the contract. The consideration was bank notes and partly Confederate money. It was probably a hard bargain, and improvident on the defendant’s part, but in view of the fact that he used this money, or part of it, in paying for land, the consideration is not so inadequate as to shock the conscience, and there was no fraud or unconscionable advantage taken of the defendant.
*395 Tlie decree was for tlie full amount, of the note, and it must be affirmed with costs. The decree, however, will be so modified as to sell the defendant’s land on.'a credit of twelve instead of six months.